ELECTRONICALLY FILED - 2021 Sep 08 9:38 AM - CHESTERFIELD - COMMON PLEAS - CASE#2021CP1300607

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHESTERFIELD | FOURTH JUDICIAL CIRCUIT |
| FLOYD DONEGAN, | |
| Plaintiff, | CIVIL ACTION NO.: 2021-CP-13-_____ |
| v. | |
| WALMART STORES, INC., D/B/A WALMART DISTRIBUTION CENTER NO. 6073, WALMART TRANSPORTATION, LLC, | **SUMMONS** (J*URY* T*RIAL* D*EMANDED*) |
| Defendants. | |

**TO THE DEFENDANT ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint on the undersigned attorney at their office, 3955 Faber Pl. Dr. Suite 103, N. Charleston, South Carolina 29405, within THIRTY (30) DAYS after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

THE LOKEY LAW FIRM, LLC.

*s/ Landon L. Brock*
Landon L. Brock, Esq. (SC Bar No.: 104940)
Warren R. Lokey, Esq. (SC Bar No.: 101792)
3955 Faber Pl. Dr. Suite 103
N. Charleston, SC 29405
Tel: (843) 202-0675
Fax: (843) 589-1042
Email: lbrock@lokeylawfirm.com
         wrlokey@lokeylawfirm.com
A*TTORNEYS FOR* P*LAINTIFF*

September 8, 2021
North Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHESTERFIELD<br><br>FLOYD DONEGAN, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART STORES, INC., D/B/A WALMART DISTRIBUTION CENTER NO. 6073, WALMART TRANSPORTATION, LLC,<br><br>    Defendants. | IN THE COURT OF COMMON PLEAS<br><br>FOURTH JUDICIAL CIRCUIT<br><br><br>CIVIL ACTION NO.: 2021-CP-13-_____<br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

**THE PLAINTIFF, COMPLAINING OF THE DEFENDANTS, ALLEGES AND SAYS AS FOLLOWS:**

1. That the Plaintiff, Floyd Donegan Jr. (hereinafter referred to as "Mr. Donegan"), was and is at all times material to this Complaint, a resident of the City of Hephzibah, in Richmond County in the State of Georgia.

2. That upon information and belief Defendant Walmart Stores, Inc. (herein referred to as "Defendant Walmart"), is a Delaware corporation whose principal place of business is 702 S.W. 8th Street, Bentonville, Arkansas 72716; is registered to do business within the State of South Carolina; and, upon information and belief, conducts a substantial amount of business throughout the State by "helping people around the world save money and live better - anytime and anywhere - in retail stores and through eCommerce" and by being a retail corporation that operates a chain of hypermarkets, discount department stores, and grocery stores.

3. That upon information and belief Defendant Walmart Transportation, LLC (herein referred

to as "Defendant Transportation"), is a Delaware corporation whose principal place of business is in Delaware; is registered to do business within the State of South Carolina; and, upon information and belief, conducts a substantial amount of business throughout the State by delivering goods to retail corporations that operates a chain of hypermarkets, discount department stores, and grocery stores.

4. On or about June 21, 2019, Defendants owned, operated, managed and/or maintained; or had a duty to own, operate, manage and/or maintain; both individually and by and/or through its agents, servants, and/or employees; a certain premise, inclusive of its amenities, known publicly as "Walmart distribution center" and internally as "Walmart Distribution Center #0673 located at 160 State Road S-13-682, Pageland, South Carolina 29728 (hereinafter "the premises").

5. South Carolina's long-arm statute, found at S.C. Code Ann. §36-2-803(A), states in relevant part that: "A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's… transacting any business in this State… or commission of a tortious act in whole or in part in this State."

6. Therefore, personal jurisdiction may be properly exercised over Defendants in this State.

7. That venue is proper in Chesterfield County pursuant to S.C. Code §15-7-30(C) because the most substantial part of the alleged acts or omissions giving rise to the cause of action occurred in Chesterfield County.

8. That this is an action for damages in excess of the jurisdictional minimum threshold ($7,500.00), exclusive of interest, costs, and attorneys' fees.

9. That this Honorable Court has jurisdiction over the parties and the subject matter of this action.

ELECTRONICALLY FILED - 2021 Sep 08 9:38 AM - CHESTERFIELD - COMMON PLEAS - CASE#2021CP1300607

10. At all times mentioned herein, Defendants were in possession and control of the pathway area to which drivers were invited to utilize, and where Mr. Donegan was injured as more fully set forth below.

## FACTUAL BACKGROUND

11. Plaintiff would, at this time, re-allege each and every allegation of the Complaint contained in Paragraphs 1 through 10 as if each had been fully re-stated herein.

12. Upon information and belief, on or about June 21, 2019, Mr. Donegan was lawfully on the premises known as "Walmart Distribution Center #6073" located at 160 State Road S-13-682, Pageland, South Carolina 29728.

13. Upon information and belief, Mr. Donegan was walking through the Walmart Distribution Center, on his way to have his paperwork signed off by the proper persons utilizing a public walkway. As he was walking, his shoe, suddenly and without warning, slipped in a slick substance that is believed to be diesel fuel. Mr. Donegan slipped down the stairs of the walkway and hit the ground so violently that he ruptured the quadricep tendon in his left knee. Additionally, Mr. Donegan is only capable of doing sedimentary work due to the incident, and is unable to return to his line of work as a truck driver causing him to lose $659,815.46 in wages.

14. Mr. Donegan was, at all times during his presence on the premises, an invitee of Defendants, as Mr. Donegan was a truck driver for the company, benefitting the Defendants, and was lawfully utilizing the public walkway owned and operated by Defendants.

15. At the aforesaid time and place, Defendants, individually and/or by and through its agents, servants and/or employees owned, operated, managed and/or maintained; or had a duty to

own, operate, manage and/or maintain the aforementioned premises including, but not limited to, interior and exterior walkways, pathways, sidewalks, parking lots, entranceways, ramps, and all other such places on the premises where invitees were permitted to walk.

**FOR A FIRST CAUSE OF ACTION**
*(Careless, Negligent, and Reckless Operation and/or Maintenance of a Premises Resulting in Personal Injury to Mr. Donegan)*

16. Plaintiff would, at this time, re-allege each and every allegation of the Complaint contained in Paragraphs 1 through 14, as if each were fully re-stated herein.

17. At the aforesaid time and place, Defendants, individually and/or by and through their agents, servants, and/or employees, had a duty to maintain the aforementioned premises including by way of example and without limitation: interior and exterior walkways, pathways, sidewalks, parking lots, entranceways, ramps, and all other such places on the premises where invitees, including Mr. Donegan, were permitted to walk in a reasonable safe condition.

18. At the aforesaid time and place, Defendants individually and/or by and through its agents, servants and/or employees, failed to reasonably exercise its duty to properly maintain and/or improperly maintained, the aforementioned areas located on the aforementioned premises in allowing and/or causing the walkways to become slick and unsafe for use by truck drivers.

19. At the aforesaid time and place, Mr. Donegan was walking through the distribution center on a walkway leading into the distribution center on his way to get his paperwork signed off by the proper persons, when his shoe, suddenly and without warning, slipped in a slick substance, believed to be diesel fuel. The slippery substance ultimately caused him to

violently fall down the walkway, which resulted in serious and permanent injuries to his left leg.

20. At the aforesaid time and place, Defendants, as the owner and/or maintainer of the aforementioned premises, either individually or by and through their agents, servants and/or employees failed to act with nondelegable duties of reasonable care under the circumstances and acted, or failed to act in a careless, negligent, grossly negligent, and/or reckless manner, including:

   a. The duty to safely design, construct and maintain its walkways, and all other such places on the premises, free of unreasonable, foreseeable pedestrian hazards that could pose a danger to its invitees and in accordance with industry standards and safety rules, where truck drivers, including Mr. Donegan, were permitted to walk, in a reasonable safe condition;

   b. The duty to provide for the safety of their invitees while on the premises owned and/or maintained by Defendants, including keeping its walkways in a reasonably safe condition and free from dangerous defects and conditions that could pose pedestrian hazards to its invitees;

   c. The duty to make reasonable inspections of its premises, including the walkways, and discover risks to its invitees and to warn of or eliminate foreseeable unreasonable risks necessary to prevent injury to invitees, including Mr. Donegan;

   d. The duty to warn of latent or hidden dangers on premises, including dangerous and defective conditions in its walkways, of which Defendants had knowledge of or should have had knowledge of, upon reasonable inspections;

ELECTRONICALLY FILED - 2021 Sep 08 9:38 AM - CHESTERFIELD - COMMON PLEAS - CASE#2021CP1300607

ELECTRONICALLY FILED - 2021 Sep 08 9:38 AM - CHESTERFIELD - COMMON PLEAS - CASE#2021CP1300607

  e.  The duty to anticipate the harm to its invitees despite any obviousness of the dangerous conditions that may have existed and to take precautions to remove the potential dangers or harm.

21. The Defendants, by and through its agents and employees, negligently and recklessly breached the duties of due care owed by them to Mr. Donegan in one or more of the following ways:

  a.  By designing, constructing, and/or maintaining a walkway, intended for public use, in such a way that resulted in foreseeable unsafe and dangerous walking conditions for the public, including Mr. Donegan, especially in the area where it was foreseeable that an invitee would utilize the walkway to transit around the distribution center;

  b.  In failing to design, construct, inspect and/or maintain the walkway in such a way that an invitee would be restricted from encountering a walking hazard, such as a slick and slippery substance on the walkway;

  c.  In failing to maintain, clean, resurface, construct and/or design the walkways, and all other such places on the premises where invitees, including Mr. Donegan, were permitted to walk;

  d.  In failing to abide by controlling and applicable local, state, national, and/or international building codes in the design, construction, and maintenance of the walkways, so as to create an unnaturally dangerous surface making the walkways unsafe for passage by Defendant's invitees, including Mr. Donegan, for an unreasonable length of time;

e. Otherwise carelessly, negligently, and criminally negligently operating and/or maintaining the aforementioned premises by and through their acts and/or omissions;

f. Otherwise recklessly operating and/or maintaining the aforementioned premises by and through their acts and/or omissions; and

g. Otherwise operating and/or maintaining their premises with a willful and wanton disregard for the safety of all those lawfully upon the aforementioned premises, including Mr. Donegan.

h. By designing, constructing, and/or maintaining a walkway, intended for public use, in a dangerous condition without providing any warnings, and failing to provide any protection against the unsafe conditions;

i. If the condition that cause Mr. Donegan to slip and fall is deemed to be an open-and-obvious defect, by failing to anticipate that an invitee, such as Mr. Donegan, would nevertheless encounter the condition, or that he would likely be distracted, such as when in an area surrounded by distractions including, but not limited to, moving vehicles and people.

j. By failing to have adequate procedures in place for periodic inspections and/or in failing to properly inspect the parking lot so as to discover and remedy foreseeable dangers to pedestrians, such as the hazard that resulted in Mr. Donegan's fall and injuries;

k. By failing to hire, employ, contract with, or otherwise train or supervise persons knowledgeable in public safety or otherwise capable of evaluating the risks and hazards of the dangerous walkway.

ELECTRONICALLY FILED - 2021 Sep 08 9:38 AM - CHESTERFIELD - COMMON PLEAS - CASE#2021CP1300607

    l.    By such ither and further acts of negligent, reckless, and willful conduct as will be shown by the evidence produced at trial.

22. No conditions existed at the time of this incident which would have prevented the Defendants, in the exercise of due caution, and in furtherance of their duty to provide a safe walkway for members of the public, from inspecting the walkway, making necessary modifications or repairs, or otherwise rendering the walkway fit for use in this public place.

23. The Defendant's conduct, jointly and severally, demonstrated a complete absence of due care and was negligent, reckless, and constituted a willful disregard for the safety of the intended and foreseeable users of the walkway.

## **DAMAGES**

24. Plaintiff would, at this time, re-allege each and every allegation of the Complaint contained in Paragraphs 1 through 23, including all subparts, as if fully set forth herein.

25. As a direct and proximate cause of Defendant's careless, negligent, reckless, and willful acts and/or omissions, Mr. Donegan suffered a debilitating fall and sustained severe injuries, including, but not by way of limitation, the following:

    a.    Severe and permanent physical injury and impairment;

    b.    Hindered from, and will continue to be hindered from attending to his usual duties and affairs of life;

    c.    Pain and suffering from the time of the incident to the present;

    d.    Certainty of future pain and suffering;

    e.    Embarrassment, humiliation, and mental anguish;

    f.    Substantial loss of enjoyment of life, and recreational opportunities;

    g.    Medical expenses to date;

ELECTRONICALLY FILED - 2021 Sep 08 9:38 AM - CHESTERFIELD - COMMON PLEAS - CASE#2021CP1300607

ELECTRONICALLY FILED - 2021 Sep 08 9:38 AM - CHESTERFIELD - COMMON PLEAS - CASE#2021CP1300607

      h.      Likelihood of future medical expenses;

      i.      Permanent weakness in his left leg;

      j.      Inability to return to his job as a truck driver

26. Mr. Donegan has lost, and will continue to lose, the value of that time as aforementioned, causing both pecuniary losses as well as loss of enjoyment of life as a direct and proximate result of the aforesaid careless, negligent, and reckless acts and/or omissions of Defendants.

27. Mr. Donegan, then and there suffered great pain and anguish, both in mind and body, and will in the future continue to suffer the injurious effects which arose as a direct ad proximate result of the aforesaid carless, negligent, and reckless acts and/or omissions of Defendant.

28. Mr. Donegan's injuries were of such a manner and nature that Mr. Donegan was forced to expand large sums of money for treatment of the damages caused by the aforesaid carless, negligent, and reckless act and/or omissions of Defendants.

29. Mr. Donegan has further expended sums of money for medical care and services endeavoring to become healed and cured of said injuries.

30. Mr. Donegan is informed and believes he is entitled to actual damages and punitive damages in an amount to be determined by a jury or other trier of fact in this matter.

**WHEREFORE,** the Plaintiff, Mr. Donegan, having fully set out his cause of action, respectfully prays for the entry of a judgment against the Defendants by the jury at the trial of this action, for all damages, punitive and actual, for the cost and disbursements of this action, and both prejudgment and post judgment interest, and for such other and further relief, in law or in equity, as this Honorable Court would deem fair, just, and proper.

      *(Signature block on following page)*

ELECTRONICALLY FILED - 2021 Sep 08 9:38 AM - CHESTERFIELD - COMMON PLEAS - CASE#2021CP1300607

        Respectfully submitted,

        THE LOKEY LAW FIRM, LLC.

        *s/ Landon L. Brock*
        Landon L. Brock, Esq. (SC Bar No.: 104940)
        Warren R. Lokey, Esq. (SC Bar No.: 101792)
        3955 Faber Pl. Dr. Suite 103
        N. Charleston, SC 29405
        Tel: (843) 202-0675
        Fax: (843) 589-1042
        Email: lbrock@lokeylawfirm.com
              wrlokey@lokeylawfirm.com
        ATTORNEYS FOR PLAINTIFF

September 8, 2021
North Charleston, South Carolina